## IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>TRIPLE A & R CAPITAL<br>INVESTMENT, INC<br><br>        Debtor(s) | CASE NO. 14-04744<br>Chapter 11<br><br><br>FILED & ENTERED ON 10/09/2014 |

### OPINION & ORDER

Before the court is PRLP 2011 Holdings LLC, ("PRLP") Motion for Relief From Stay Under § 362(e) [Dkt. No. 36]; Debtor's Reply and Exhibits [Dkt. No. 43 & 45]; and PRLP's Reply [Dkt. No. 52]. Following the preliminary hearing held on September 3, 2014, the court took under advisement the issue of whether Debtor's prepetition waiver of the protection of the automatic stay and post petition ratification of said waiver were valid and binding on the Debtor. At the oral argument, the Debtor raised the argument that Article 4 of the Civil Code of Puerto Rico 31 L.P.R.A. § 4, governed the prepetition agreements. Debtor proffered that Article 4 made null and void said prepetition waiver because under Puerto Rico law it is indispensable that the right to be waived exists at the time of the negotiation. Moreover, the Debtor cannot be bound by acts taken by them prepetition because they lacked capacity to act on behalf of debtor in possession when the agreements were signed and as such are unenforceable under the Bankruptcy Code.

Prior to the Petition Date, on November 25, 2009, Banco Popular de Puerto Rico ("BPPR"), now PRLP, executed a "Forbearance and Amendment Agreement" (the "Forbearance Agreement") with Debtor and Ms. Luisette Cabañas Colón (and jointly with Debtor, the "Obligors"). The Forbearance Agreement was subsequently supplemented and ratified by the Obligors through the "First Amendment to Forbearance and Amendment Agreement" dated January 25, 2010 (the "Amended Forbearance Agreement"), as well as the October 17, 2012 "Forbearance Agreement" executed between PRLP and the Obligors (the "PRLP Forbearance Agreement"). Section 15(b) of the November 25, 2009 Forbearance Agreement, executed by and between Debtor, LCC, and BPPR (now PRLP), provides, in pertinent part, as follows:

Automatic Stay. Each Loan Party hereby stipulates that, at Bank's option, Bank will be entitled to an immediate and absolute lifting of any automatic stay of the enforcement of Bank's remedies under this Agreement, the Forbearance Documents and the Loan Documents, at law or in equity (including, without implied limitation, the provisions of 11 U.S.C. § 362, as amended) which might be accorded to a Loan Party any Debt Relief Proceeding. Each Loan Party agrees that it will not contest any application by Bank to lift or vacate any such stay.

The waiver language referenced at the Forbearance Agreement was consequently ratified in the Amended Forbearance Agreement subscribed between the Obligors and BPPR (now PRLP) on January 25, 2010. On October 17, 2012, the Obligors executed the PRLP Forbearance which states at section 8:

Consent to Relief from Automatic Stay. As a material inducement for the Creditor to enter into this Agreement, in recognition of the risks associated with the Creditor's execution and performance of this Agreement, and in consideration of the recitals and mutual covenants contained herein, and for other good and valuable consideration, including the agreement of the Creditor to forbear from the exercise of its rights and

remedies, the receipt and sufficiency of which are hereby acknowledged, each of the Debtors hereby agrees and consents that if any Debtor shall (1) file or be subject of any petition under Title 11 of the U.S. Code, as the same may be amended from time to time (the "Bankruptcy Code"), (2) be the subject of any order for relief issued under the Bankruptcy Code, (3) file or be the subject of any petition seeking reorganization, arrangement, composition, readjustment, liquidation, dissolution, or similar relief under any present or future federal or state act or law relating to bankruptcy, insolvency or other relief for debtors (individually, an "Insolvency Proceeding" and collectively, "Insolvency Proceedings"), (4) seek consent to or acquiesce in the appointment of any trustee, receiver, conservator or liquidator, or (5) be subject of any order, judgment or decree entered by any court of competent jurisdiction approving a petition filed against any of the Debtors in any Insolvency Proceeding, then the Creditor shall thereupon be entitled to relief from any automatic stay imposed by § 362 of the Bankruptcy Code, or form any other stay or suspension of remedies imposed in any other manner with respect to the exercise of the rights and remedies otherwise available to the Creditor under the Financing Agreements and/or the other Loan Documents, and as otherwise provided by law, and each of the Debtors hereby expressly and unconditionally waives the benefit of such automatic stay and consents and agrees to raise no objection to such relief.

The Debtors hereby represent, agree and acknowledge that such relief: (a) will not prejudice the unsecured creditors of the Debtors, as, among other reasons, (i) all of the Debtors' assets are fully encumbered to the Creditor and (ii) the Debtors have no equity in any of their assets; (b) no significant benefits (if any) will be achieved for unsecured creditors through a chapter 11 reorganization and/or chapter 11 plan; and (c) the Creditor has agreed to the forbearance and moratorium described herein based on the Debtors' representation that they will not commence an Insolvency proceeding and, accordingly, the filing of any Insolvency Proceeding will (i) be for the sole purpose of delaying the Creditor's efforts to realize and collect upon the Collateral and/or pursuant to the provisions and terms set forth in this Agreement and (ii) constitute a bad-faith bankruptcy filing under the Bankruptcy Code.

A prepetition waiver is an agreement entered into by a debtor prior to bankruptcy pursuant to which the debtor agrees to waive the protection of the automatic stay with respect to a secured creditor or agrees not to oppose any attempt by such creditor to obtain stay relief in the event of the debtor's bankruptcy. Although stay waivers were long thought to be unenforceable as against public policy, an increasing number of courts are now enforcing them. There is no controlling law on this subject in this District or this Circuit. A review of the cases nationwide that addressed this issue

indicate a trend that appears toward the enforcement of stay waivers. The difficult issue of whether prepetition stay waivers are enforceable, reflects the tension between the public policies favoring out of court workouts, on the one hand, and protecting the collective interest of the debtor's creditors, on the other. Bankruptcy courts that have tackled this issue have used different approaches with conflicting results.  Three basic approaches have emerged: (1) uphold the stay waiver in broad unqualified terms on the basis of freedom of contract;[1] (2) reject the stay waiver as unenforceable per se as against public policy;[2] and (3) treat the waiver as a factor in deciding whether "cause" exists to lift the stay.[3] This last approach has gained ground in recent years.[4] It is important to note that the courts are in agreement that a prepetition waiver of the automatic stay, even if enforceable, does not enable the secured creditor to enforce its lien without first obtaining stay relief from the bankruptcy court. This requirement is satisfied in this case because PRLP indeed filed a motion requesting the lift of stay.

There are no cases, bankruptcy or otherwise, in this District or the First Circuit on the issue of prepetition waivers. The Debtor's argument as to the effects of Article 4 of the Civil Code of Puerto Rico on this matter adds an interesting legal wrinkle to this discussion, albeit ultimately unconvincing and immaterial. The court declines to consider the validity of Debtor's argument

---

[1] See, e.g., In re Club Tower L.P., 138 B.R. 307 (Bankr.N.D.Ga 1991).

[2] See, e.g., Matter of Pease, 195 B.R. 431 (Bankr.D.Neb. 1996).

[3] See, In re Shady Grove Tech Center Associates Ltd. Partnership, 216 B.R. 386 (Bankr.D.Md. 1998) opinion supplemented on remand from district court, 227 B.R. 422 (Bankr.D.Md. 1998).

[4] Id. (setting forth several factors as to whether cause exists to warrant relief from stay); In re Bryan Road, LLC, 382 B.R. 844, 849 (Bankr.S.D.Fla.2008) (setting forth factors for a bankruptcy court to consider in deciding whether to enforce a stay relief agreement); In re Frye, 320 B.R. 786 (Bankr.D.Vt.2005) (although such an agreement is not per se enforceable, the creditor in that case could obtain enforcement unless the debtor, after an evidentiary hearing, could show sufficient equity in the property, sufficient likelihood of effective reorganization, or sufficient prejudice to other creditors); In re Excelsior Henderson Motorcycle Mfg. Co., 273 B.R. 920 (Bankr.S.D.Fla.2002) (enforcing a prepetition agreement); In re South East Financial Associates, Inc., 212 B.R. 1003 (Bankr.M.D.Fla. 1997).

regarding Article 4 and its effect on the Forbearance Agreement, except to note that the case law cited on this point is wholly unconvincing. More germane to our analysis, the Debtor cites to the holding in In re DB Capital Holdings, LLC, 454 B.R. 804 (Bankr.D.Colo. 2011), for the proposition that a single asset chapter 11 debtor's prepetition waiver, as part of a prepetition forbearance agreement with a lender which prevented any opposition to a motion for stay relief, was unenforceable as too closely approximating, for a single asset debtor, waiver of the right to file for bankruptcy relief.[5] The facts in DB Capital Holdings, LLC closely mirror the facts in this instant case, with one marked and significant departure. Our Debtor, on August 5, 2014, after the order for relief, entered into a Joint Stipulation for Interim Use of Cash Collateral and Adequate Protection ("Stipulation") with PRLP. [See, Dkt. No. 33]. The Stipulation was approved by the court on August 26, 2014. [See, Dkt No. 47]. In the Stipulation, Debtor expressly and voluntarily agreed to the following:

> Ratification of Loan Documents. The Debtor hereby consents: (i) to the transaction contemplated herein and acknowledge, reaffirm, and ratify all security interests granted and liens constituted pursuant to the Loan Documents as security for the payment and performance of all of the Debtor's obligations under the Loan Documents and their priority rank; (ii) acknowledge and agree that the guarantees

---

[5] "First, before the bankruptcy case is filed, the debtor does not have the capacity to waive the rights bestowed by the Bankruptcy Code upon a Chapter 11 debtor in possession. Prior to the commencement of the bankruptcy case, the debtor entity has the capacity to enter into an agreement binding upon the debtor under applicable non-bankruptcy law. Upon the commencement of a Chapter 11 bankruptcy case, the debtor becomes a "debtor in possession" with a fiduciary duty to creditors and rights and obligations under federal law. See §§ 1101, 1107. Those rights include the enforcement of the automatic stay, which protects the debtor in possession and property of the bankruptcy estate. See § 362(a). In this sense, the Chapter 11 debtor is a separate and distinct entity from the pre-bankruptcy debtor. Before the bankruptcy case is filed, the debtor does not hold the rights of a debtor in possession and does not hold fiduciary duties to creditors. The debtor certainly has capacity to enter into agreements which define the rights and obligations of the debtor under applicable non-bankruptcy law, and those agreements are generally given force and effect in bankruptcy cases. However, I conclude that the pre-bankruptcy debtor simply does not have the capacity to waive rights bestowed by the Bankruptcy Code upon a debtor in possession, particularly where those rights are as fundamental as the automatic stay. A debtor may not waive the automatic stay of 11 U.S.C. § 362 until after the bankruptcy case is commenced and the debtor is acting in the capacity as debtor in possession." In re DB Capital Holdings, LLC, 454 B.R. 804, 814-815 (Bkrtcy.D.Colo. 2011).

(and all security therefore) contained in the Loan Documents are, and shall continue to remain, in full force and effect after giving effect to this Stipulation; **and (iii) ratify the Loan Agreements, the Collateral and the Loan Documents.**

Ratification of Obligations. The Debtor acknowledges, represents, covenants, and agrees with PRLP that (i) the Debtor's obligation to pay in full the outstanding balance of principal of the Loans and any other sums due to PRLP including, without limitation, accrued interest under the Loan Agreements is valid, binding and enforceable in all respects; and (ii) **the Debtor's obligations under the Loan Agreements, as well as any and all of their other obligations under any of the other Loan Documents (including, without limitation, the guarantees and this Stipulation) are valid, binding and enforceable in all respects.**

**Effect of Stipulation on Third Parties. The Stipulation and any admissions, releases and waivers contained herein shall be binding upon the Debtor and all other parties in interest.** Accordingly, (i) the obligations under the Loan Documents shall constitute allowed claims, not subject to counterclaim, setoff, subordination, recharacterization, defense or avoidance, for all purposes in the bankruptcy case and any subsequent Chapter 7 case, (ii) the liens under the Loan Documents on the Collateral and the Replacement Liens shall be deemed to be legal, valid, binding, perfected, not subject to recharacterization, subordination, avoidance or reduction and (iii) **the obligations under the Loan Documents, the Collateral, the Replacement Liens, and the Loan Agreements shall not be subject to any other or further challenge** by any party in interest, and any such party in interest shall be enjoined from, seeking to exercise the rights of the Debtor's estate, including, without limitation, any successor thereto (including, without limitation, any estate representative or a Chapter 7 or Chapter 11 trustee appointed or elected for the Debtor). Nothing in this Stipulation vests or confers on any Person (as defined in the Bankruptcy Code) standing or authority to pursue any cause of action belonging to Debtor or its estate.

(emphasis ours).

The "Loan Documents" that are defined and ratified in the Stipulation in the clauses detailed above, and the obligations under the Loan Documents that are specifically ratified and agreed to above by the debtor in possession, specifically include the Forbearance Agreements with the prepetition waivers of the automatic stay. After a careful review of the law, cases cited and this Courts independent research, our conclusion is inescapable. This Debtor, as a debtor in possession, ratified and agreed to be bound by clauses in the Forbearance Agreement which expressly contained a waiver

of the protection afforded by the automatic stay.

WHEREFORE, The Motion to lift stay filed by PRLP [Dkt. No. 36] is GRANTED. The final

hearing scheduled for October 21, 2014 is vacated and set aside.

SO ORDERED

San Juan, Puerto Rico, this 9th day of October, 2014.

Brian K. Tester
U.S. Bankruptcy Judge