## IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 14-04744 |
| | **Chapter 11** |
| **TRIPLE A & R CAPITAL INVESTMENT INC** | |
| Debtor(s) | **FILED & ENTERED ON 03/09/2015** |

## OPINION & ORDER

Before the Court is Debtor's Motion For Stay Pending Appeal filed pursuant to the provisions of Federal Rule of Bankruptcy Procedure 8005[1] [Dkt. No. 84]; PRLP 2011 Holdings, Inc.'s Opposition [Dkt. No. 94]; Debtor's Reply [Dkt. No. 99]; Amended Debtor's Reply [Dkt. No. 101]; and PRLP 2011 Holdings, Inc.'s Sur-Reply [Dkt. No. 105]. For the reasons stated herein, the Debtor's Motion For Stay Pending Appeal is hereby DENIED.

Former Federal Rule of Bankruptcy Procedure 8005 provides in relevant part as follows:

> A motion for a stay of the judgment, order, or decree of a bankruptcy judge, for approval of a supersedeas bond, or for other relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance. Notwithstanding Rule 7062 but subject to the power of the district court and the bankruptcy appellate panel reserved hereinafter, the bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest.

The standards for granting stays pending appeal in the bankruptcy context are well established. A court has substantial discretion under Rule 8005 to grant (or deny) a stay pending appeal on such

---

[1] Federal Rule of Bankruptcy Procedure 8005 was amended on December 1, 2014, with the applicable Rule now being Rule 8007. The Debtor's Motion for Stay Pending Appeal was filed before the Rules were amended, therefore former Rule 8005 is applicable in this instance. All references made to Rule 8005 in this Opinion and Order is to the pre December 1, 2014 Rule.

terms as it may deem appropriate, subject to an abuse of discretion standard of review. In re Target Graphics, Inc., 372 B.R. 866 (E.D.Tenn. 2007). The motion for a stay pending appeal follows the same standard as any motion for stay, which is in the nature of a preliminary injunction and will only be granted upon a showing that: (1) the petitioner is likely to prevail on the merits of its appeal; (2) that without a stay, the petitioner will suffer irreparable injury; (3) that other interested parties will suffer no substantial harm; and (4) that the public interest will not be harmed by the granting of the stay. 6 Lawrence P. King, Collier Bankruptcy Practice Guide, ¶ 117.11[2] at page 117-36 (Matthew Bender 2005). If a party fails to satisfy any one of the four requirements for a stay pending appeal, then the court will be acting within its discretion to deny the stay. In re Dakota Rail, Inc., 111 B.R. 818, 820 (Bankr.D.Minn.1990).

In their Motion for Stay and subsequent Replies, Debtor fails to effectively address the requisite factors. Regarding petitioners likelihood to succeed on the merits, Debtor relies on the argument that if a pre petition waiver is invalid, a post petition ratification would be invalid as well. This argument was considered by the court in its Opinion and Order [Dkt. No. 67], and found to be without merit. Debtor does not state any grounds with particularity upon which the requested relief is based. Furthermore, Debtor does not argue the specific basis upon which the appellate court will conclude reversal is appropriate. "The sine qua non of this four-part inquiry is likelihood of success on the merits: if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." Esso Standard Oil Co. v. Monroig Zayas, 445 F3d. 13 (1st Cir. 2006) citing New Comm Wireless Servs., Inc. v. SprintCom, Inc., 287 F.3d 1, 9 (1st Cir. 2002); Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 102 F.3d 12, 15 (1st Cir.1996); Weaver v. Henderson, 984 F.2d 11, 12 (1st Cir. 1993). "[W]hat matters ... is not the raw amount of irreparable harm [a] party might conceivably suffer, but

rather the risk of such harm in light of the party's chance of success on the merits." <u>Puerto Rico Hospital Supply, Inc. v. Boston Scientific Corp.</u>, 426 F.3d 503, 507 n.1 (1st Cir. 2005).

As to the other factors, Debtor bases the irreparable harm on the loss of the real estate at the center of this dispute. Without this property, Debtor argues, reorganization and the appeal itself would become moot. However, the record of the case reflects that this real estate has no equity and is fully encumbered by creditor PRLP 2011 Holdings, Inc. Accordingly, the loss of the real estate is inevitable and no surprise because Debtor has no equity in the property. Further, in the event that somehow Debtor suffers any injury, the harm could easily be repaired with monetary damages Thus, the irreparable injury factor is also nonexistent.

Having failed to meet two of the factors needed to obtain a stay, judicial economy dictates that the court ends its analysis here. The controversy over the posting of a bond will likewise not be addressed as that issue becomes moot with the denial of Debtor's petition.

SO ORDERED

San Juan, Puerto Rico, this 9th day of March, 2015.

Brian K. Tester
U.S. Bankruptcy Judge